## THOMAS GIBBONS v. ELIAS WADE.

### CERTIORARI.

When a state of facts is duly and regularly brought before this Court, the Court will look into them, to ascertain whether the conclusion drawn from them by the court below is correct in point of LAW, but will not investigate a variety of evidence to determine whether the inferior tribunal formed a conclusion, correct in point of fact.

*J. J. Chetwood,* for plaintiff.

*W. Chetwood,* for defendant.

The opinion of the court was delivered by

EWING, C. J.—This case comes before us on a return to a certiorari, and a state of the case before the court of common pleas agreed upon by the parties.

In the action below, Wade, the owner of certain goods, sued Gibbons the proprietor of a boat or vessel, plying between New York and the Rising Sun ferry, near Elizabeth-town, for damage done to the goods in the course of their transportation and obtained a judgment for seventy-five dollars.

Gibbons shews he had given public notice which was known by Wade, that he would carry for one third less than the customary prices, but that he would " not be answerable for any loss in the transportation of any freights," and insists that Wade having placed his goods on board the vessel for transportation upon these terms, cannot legally recover for the alleged damage, and that the judgment of the Common Pleas is therefore erroneous.

But one of the terms of the notice as appears by the return to the certiorari is, that " that the boats are excellent and in good order, and will be kept so,"—And from the state of the case it appears, one of the witnesses for Wade testified that " the boat was in very bad order and liable to leak." Moreover it was contended, at the bar here, by the counsel of Wade, that the damage resulted from the negligence of the boatmen of Gibbons in not storing their goods on their arrival, but leaving them on board all night:—and one of the witnesses testified that the goods were left on board all night; that before the master and hands quit the boat they examined and found no water in her; that the goods might have been taken out of the boat and stored that evening without much trouble, and that the next morning there were five or six inches of water in the boat, and the goods wet. On the other hand it appears, a witness for Gibbons testified that the boat was a first rate boat, and in excellent order, that by reason of adverse winds she did not reach the store house until about sun set, that the master examined the boat and freight and found all things in good order, and that it had been the custom at all the ferries when a boat arrived at the store house after sun down not to unload the freight until morning.

It is manifest then, there were questions of fact before the court of common pleas:—And that court may have rendered the judgment complained of, either because the charge of negligence was proved, or because the boat was in very bad order and liable to leak, and hence the damage to the goods;

and if so, it is not pretended to impugn the judgment : or because believing the boat in good order and the immediate storage not required, they sustained the position declared erroneous by the counsel of Gibbons.   On what ground they proceeded, the state of the case does not inform us.   When a state of facts is duly and regularly brought here, this court will look into them to ascertain whether the conclusion drawn from them by the court below is correct in point of law, but this court will not investigate a contrariety of evidence to determine whether the inferior tribunal formed a conclusion correct in point of fact, *Angus* v. *Radin*, 2 *South.* 815.   The state of the case exhibited to us is not a state of the facts, but of the evidence from which the facts may be deduced by a competent tribunal; in short, it is a statement of the evidence as given in the court of common pleas.   Inasmuch then as that court may not have proceeded on the legal position alleged here to be erroneous, but may have decided on grounds which, if true in fact, and of such truth this court are not to inquire, are not and cannot be controverted, we cannot say that legal error is shewn in the judgment in question.

However desirable it may be to the parties to have the opinion of this court on the legal effect of the notice given by the owner of the boat, it is evident that such opinion if now expressed, having no influence on the decision of the cause, would be a mere *obiter dictum,* and from it therefore we ought to abstain.

Let the judgment be affirmed.